CARLA W. CORAY, et al., Plaintiffs-Appellants, *v.*
GEORGE KOGA, et al., Defendants-Appellees.

NO. 5776

NOVEMBER 28, 1975

RICHARDSON, C.J., KOBAYASHI,
OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* This appeal involves the determination of the
proper meaning of the language *"be from* the same political
party" (emphasis added) found in Section 3-103(2) of the
Revised Charter of the City and County of Honolulu which
became effective on January 2, 1973 (hereinafter referred to
as Revised Charter). The pertinent part of Section 3-103(2) of
the Revised Charter provides that the City and County reap-
portionment "commission shall consist of nine members . . .
no more than a majority of whom shall be from the same
political party."

We take judicial notice that like the other states, we have
in this state two major organized political parties — the
Democratic Party and the Republican Party.

In answer to appellants' assertion that the words "be
from" the same political party are unconstitutionally vague,

we note that laws in *pari materia* give fair notice of the meaning of terms contained in statutes. *State v. Kimball*, 54 Haw. 83, 90, 503 P.2d 176, 180 (1973). Our statutes are replete with clauses concerning boards and commissions which have comparable language limiting the number of members who can "belong to",[1] who can be "members of"[2] or who can be "from"[3] the same political party. Similarly, only a bare majority of members of the boards and commissions of the counties of Hawaii,[4] Kauai,[5] and Maui[6] can "belong to" the same political party. Calling in aid these statutes and charter provisions, we hold that the term "be from" the same political party is not unconstitutionally vague. Rather, we find the term "be from" to be a common and ordinary expression which is meant to be used in the same sense as the term "belong to".[7]

Appellants' primary contention is that the commission "to redraw election district lines for council seats"[8] was unlawfully constituted because three "independent" members of the commission were "from the same political party" as four admitted members of the Democratic Party who were also appointed to the commission.

Appellants premise their contention on the assertion that the selection of the ballot pursuant to HRS § 12-31 (Supp. 1974) by a voter in a closed primary election conclusively determines that he is a member of a political party. Their premise is not well founded. When what is now HRS § 12-31 was first enacted into law as part of Act 38, S.L.H. 1963, the

---

[1] HRS § 296-7 (district school advisory councils).

[2] HRS § 11-41 (Board of registration); § 26-11 (Board of Regents of University of Hawaii); § 356-5 (Hawaii Housing Authority).

[3] HRS § 171-4 (Board of land and natural resources).

[4] § 13-4(f), Charter of the County of Hawaii.

[5] § 22.02(e), Charter of the County of Kauai.

[6] § 13-2.2, Charter of the County of Maui.

[7] *See also*, Section 4, Article III of the Hawaii State Constitution. The City Charter Commission directed that its first draft of proposal No. 128, which became § 3-103 (2) of the Revised Charter be based upon Section 4, Article III. Minutes of Meeting No. 64 of the Charter Commission of the City and County of Honolulu (May 16, 1972).

[8] *See* City Charter Commission, The Responsible City: Honolulu, pp. 9-28 (1972).

Senate Judiciary Committee stated "the true closed primary election, whereby only registered party members are permitted to participate in primary elections, would not, at the present time, be accepted by our predominantly 'independent' voters."[9] The Committee went on to describe the proposed primary election as "a type of closed primary election which is a positive step towards eventually giving Hawaii true closed primary elections."[10] Subsequent amendments to the primary election law[11] have not significantly changed the type of primary elections in Hawaii. Thus, under HRS § 12-31, any voter in a primary election is entitled to be given the ballot of the party he designates by merely stating his party preference or nonpartisanship; there is no requirement that he belong to the party whose ballot he has chosen although he may not select a different type of ballot in subsequent primaries unless he complies with certain prerequisites. Therefore, we must conclude that a voter's selection of a ballot at a Hawaii primary election Under HRS § 12-31 does not automatically make such a person a member of that political party for whose candidate or candidates he has voted in the election.

In view of the voluntary nature of membership in a political party we hold that to "be from the same political party" means to be a member of the same political party recognized as such by that party and the member. The membership lists submitted by the county committees of political parties to the county clerks for filing pursuant to HRS §§ 62-61 (4) and 70-8 would provide one source for determining whether a person is an acknowledged member of that political party.

Under the facts as found by the trial court (which appellants have not challenged), there would be no question that none of the challenged independent members of the reapportionment commission was an acknowledged member of the Democratic Party.

---

[9] Standing Committee Report No. 145, 1963 Senate Journal, 721, 722.

[10] *Id.*

[11] Act 151, S.L.H. 1967; Act 26, S.L.H. 1970; Act 217, S.L.H. 1973; Act 34, S.L.H. 1974.

522

Affirmed.

*Dennis W. Potts* (American Civil Liberties Union of Hawaii Foundation of counsel) for plaintiffs-appellants.

*James E. Ross*, Deputy Corporation Counsel (*Richard K. Sharpless*, Corporation Counsel, of counsel), for defendants-appellees.